UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **MELBA CAMPBELL** | **NUMBER: 3:11-cv-00274** |
| **VS.** | **JUDGE RALPH E. TYSON** |
| **FMC OF DENHAM SPRINGS d/b/a FRESENIUS MEDICAL CARE LOUISIANA DIALYSIS GROUP, L.L.C. and XYZ INSURANCE COMPANY** | **MAG. JUDGE CHRISTINE NOLAND** |

## ANSWER

NOW INTO COURT, through undersigned counsel, comes Bio-Medical Applications of Louisiana, LLC d/b/a Fresenius Medical Care Denham Springs ("BMA"), defendant in the above entitled and numbered cause, and denies each and every allegation contained in plaintiff's Petition for Damages and Supplemental and Amended Petition for Damages (collectively, the "Petition") except those specifically admitted herein. And now, answering each numbered paragraph of plaintiff's Petition, BMA pleads as follows:

1.

In response to the allegations contained in paragraph 1(A) of the Petition, as amended, BMA admits its name and that it is a limited liability company that does business in Louisiana; however, BMA denies the remaining allegations contained in paragraph 1(A), as amended.

2.

BMA denies the allegations contained in paragraphs 1(B), 4, 5, 6, and 7, for lack of sufficient information to justify a belief therein.

3.

BMA denies the allegations contained in paragraphs 2, 3, 8, 9, 10, 11, and 12 of the Petition.

4.

The allegations contained in paragraph 13 do not address BMA and therefore no response is required.

**GENERAL DENIAL**

Pursuant to Federal Rule of Civil Procedure 8(b), BMA generally denies all material allegations of plaintiff's Petition save and except for those items specifically admitted in the preceding paragraphs of this Answer.

**AFFIRMATIVE DEFENSES**

Discovery and investigation may reveal that any one or more of the following affirmative defenses should be available to BMA in this matter. BMA, therefore, asserts said affirmative defenses in order to preserve the right to assert them. Upon completion of discovery, and if the facts warrant, BMA may withdraw any of these affirmative defenses as may be appropriate. Further, BMA reserves the right to amend its Answer to assert additional defenses, cross-claims, counterclaims, and other claims and defenses as discovery proceeds. Further answering and by way of additional defense, BMA states as follows:

5.

BMA denies that any condition on its premises created an unreasonable risk of harm or caused plaintiff's alleged accident and injuries. However, even if plaintiff could show the presence of an unreasonably dangerous condition, BMA neither created nor failed to take reasonable steps to remedy the alleged dangerous condition.

6.

The accident and injuries giving rise to this lawsuit were caused in whole or in part by the fault of plaintiff, Melba Campbell, in failing to see what she could and should have seen, including the warning sign present in the area of her alleged fall, failing to maintain proper control over her body, failing to pay attention to where she was walking, failing to take adequate measures to protect herself, failing to heed to warnings, and other acts of fault which will be more particularly adduced during discovery and proven at trial. Plaintiff's recovery against BMA, if any, should be reduced in proportion to such fault.

7.

The alleged accident and injuries giving rise to this lawsuit were caused in whole or in part by the fault of third parties over whom BMA is not responsible and/or over whom BMA had no control. Plaintiff's recovery against BMA, if any, should be reduced in proportion to such fault.

8.

Any liability that might otherwise be imposed upon BMA is subject to reduction in whole or in part as a result of any failure by plaintiff to mitigate her damages.

3

571951.1

9.

BMA is not responsible for any medical conditions and/or injuries which pre-existed the alleged fall, or for any injury/damages resulting from any subsequent and/or intervening accidents, incidents, or circumstances.

10.

If plaintiff has sustained injuries or losses as alleged, such injuries or losses resulted from Melba Campbell's pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases, or illnesses, idiosyncratic reactions, subsequent medical conditions or natural courses of conditions for which BMA is not responsible.

11.

BMA states that it is and was at all times relevant herein a qualified health care provider within the meaning and intent of the Louisiana Medical Malpractice Act. Therefore, to the extent applicable, BMA pleads the application of the Louisiana Medical Malpractice Act to the claims asserted by plaintiff, including, but not limited to, the limitations on liability contained therein.

12.

BMA is unaware at this time of any settlements by any alleged joint tortfeasor. In the event any settlement is or has been made by an alleged joint tortfeasor, however, then BMA is entitled to a full credit, offset, pro-rata reduction, or percentage reduction, based on the percentage of fault attributable to each settling person herein.

4

571951.1

Case 3:11-cv-00274-RET -CN   Document 3   05/19/11   Page 4 of 6

13.

BMA is entitled to a credit and/or offset as a result of payments made to plaintiff by any person or entity, in any way arising out of injuries, damages, or expenses resulting or allegedly resulting from the accident which forms the basis of this lawsuit.

**JURY DEMAND**

21.

BMA hereby requests a trial by jury for all issues so triable.

WHEREFORE, defendant, Bio-Medical Applications of Louisiana, LLC d/b/a Fresenius Medical Care Denham Springs, prays that this answer be deemed good and sufficient, and that after all legal delays are had and a trial by jury held, there be a judgment in favor of BMA and against plaintiff, dismissing her claims with prejudice, at plaintiff's cost.

BMA further prays for notice of trial, notice of judgment and all other necessary and equitable relief.

**Respectfully submitted,**

Taylor, Porter, Brooks & Phillips L.L.P.

_____s/ Erick Y. Miyagi_____
Erick Y. Miyagi, Trial Attorney (#22533)
John Stone Campbell, III (#23674)
Cynthia M. Amedee (#31597)
Chase Tower, 8th Floor
451 Florida Street (70801)
P.O. Box 2471
Baton Rouge, LA  70821-2471
Telephone:  (225) 387-3221
Fax:  (225) 346-8049

5

- CERTIFICATE OF SERVICE -

    I certify that a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Louis J. Lambert, Jr., Jennifer M. Racca, and Al J. Robert, Jr. by operation of the court's electronic filing system.

    Baton Rouge, Louisiana, this 19th day of May, 2011.

                                                s/ Erick Y. Miyagi
                                                  Erick Y. Miyagi