UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| MELBA CAMPBELL | NUMBER: 3:11-cv-00274 |
| VS. | JUDGE RALPH E. TYSON |
| FMC OF DENHAM SPRINGS d/b/a FRESENIUS MEDICAL CARE LOUISIANA DIALYSIS GROUP, L.L.C. and XYZ INSURANCE COMPANY | MAG. JUDGE CHRISTINE NOLAND |

**MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND FILED BY BIO-MEDICAL APPLICATIONS OF LOUISIANA, LLC D/B/A FRESENIUS MEDICAL CARE DENHAM SPRINGS**

NOW INTO COURT, through undersigned counsel, comes Bio-Medical Applications of Louisiana, LLC d/b/a Fresenius Medical Care Denham Springs ("BMA of Louisiana"), who respectfully opposes the Motion to Remand filed by Melba Campbell. Plaintiff's Motion to Remand is without merit as it relies on case law that has been expressly overruled by the United States Supreme Court. Under the "nerve center" test, adopted by the United States Supreme Court in *Hertz Corp. v. Friend*, 130 S.Ct. 1181, 175 L.Ed.2d 1029 (2010), diversity of citizenship clearly exists between plaintiff and BMA of Louisiana. Therefore, plaintiff's Motion to Remand should be denied.

**I.    BACKGROUND**

Plaintiff filed suit in the 21st Judicial District Court for the Parish of Livingston on March 18, 2011, alleging that she suffered a fall and injuries at a dialysis center in Denham Springs, Louisiana. Dkt. 2, pp. 1-5. In her original Petition for Damages, plaintiff named as a defendant "FMC of Denham Springs, d/b/a Fresenius Medical Care Louisiana

Dialysis Group, L.L.C.," believing that the latter was the owner and operator of dialysis clinic at issue. *Id.* Upon service of the Petition for Damages, BMA of Louisiana's counsel advised plaintiff's counsel that the dialysis clinic at issue is owned and operated by BMA of Louisiana and that Fresenius Medical Care Louisiana Dialysis Group, L.L.C. had been erroneously named as a defendant. On April 14, 2011, plaintiff filed a Supplemental and Amending Petition for Damages ("Amended Petition") in the state court proceeding. *See* Dkt. No. 6-3; 7. The Amended Petition substituted BMA of Louisiana as the owner and operator of the dialysis clinic. BMA of Louisiana filed a Notice of Removal under 28 USC 1332 on April 26, 2011. Dkt. No. 1.

On May 25, 2011, plaintiff filed a Motion to Remand. In the Motion, plaintiff does not dispute that she is seeking damages that exceed $75,000. Instead, the sole focus of the Motion is the allegation that BMA of Louisiana's principal place of business is in Louisiana and, therefore, diversity of citizenship does not exist between the parties. On this basis alone, plaintiff seeks remand of this case back to state court.

## II. LAW AND ANALYSIS.

### A. *The Citizenship of BMA of Louisiana, a limited liability company, is determined by the citizenship of its sole member, Bio-Medical Applications of Maryland, Inc.*

Plaintiff's Motion to Remand is flawed from its inception as it treats BMA of Louisiana like a corporation in analyzing its citizenship for the purposes of diversity jurisdiction. It is undisputed that BMA of Louisiana is a limited liability company. In *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008), the Fifth Circuit

squarely addressed how to determine the citizenship of a limited liability company for purposes of diversity jurisdiction and held as follows:

> Supreme Court precedent, case law from other circuits, and the statutory language of both Section 1332 and Louisiana Revised Statutes § 12:1301(a)(10) **overwhelmingly support the position that a LLC should not be treated as a corporation for purposes of diversity jurisdiction. Rather, the citizen-ship of a LLC is determined by the citizenship of all of its members**.

*Id.* at 801 (emphasis added). The sole member of BMA of Louisiana is Bio-Medical Applications of Maryland, Inc. ("BMA of Maryland"). *See* Declaration of Jolie C. Spring, attached hereto as Exhibit "A." Therefore, contrary to the arguments made in plaintiff's motion to remand, the Fifth Circuit has dictated that the citizenship of BMA of Louisiana is determined by the citizenship of its sole member, BMA of Maryland.

    B.    ***Plaintiff's Motion to Remand relies exclusively on case law that has been expressly overruled by the United States Supreme Court in Hertz Corp. v. Friend, 130 S. Ct. 1181 (2010).***

Because BMA of Maryland is a corporation, the focus of the citizenship analysis for purposes of diversity jurisdiction is on its state of incorporation and principal place of business to determine its citizenship. 28 USC § 1332(c)(1). Plaintiff does not dispute that BMA of Maryland is incorporated in the state of Delaware. Instead plaintiff's Motion to Remand focuses entirely on the principal place of business analysis (although incorrectly focusing on the principal place of business of BMA of Louisiana). As shown below, plaintiff's principal place of business analysis relies exclusively on Fifth Circuit case law that has been expressly overruled by the United States Supreme Court in *Hertz Corp. v. Friend*, 130 S. Ct. 1181 (2010) and should be disregarded in its entirety.

Plaintiffs' Motion to Remand urges this Court to apply the "total activities test" for determining a corporation's principal place of business. Plaintiff's Memorandum in Support of Motion to Remand, Dkt. No. 4-1, p. 5. In support of this argument, plaintiff cites several older Fifth Circuit decisions which employ the "total activities test." However, plaintiff's Motion inexplicably fails to advise this Court that "the total activities test" and the cases cited in support of the test have been expressly overruled by the United States Supreme Court in *Hertz Corp. v. Friend*, 130 S. Ct. 1181 (2010).

In *Hertz*, two California residents sued Hertz in California state court. *Id.* at 1186. *Hertz* removed the case to federal court pursuant to 28 U.S.C. §§ 1332(d)(2) and 1441(a), claiming that its principal place of business was in New Jersey and, therefore, diversity jurisdiction existed. *Id.* In support of this assertion, Hertz submitted a declaration stating that it operated facilities in 44 states, that California accounted for only a portion of its business activity, that its leadership and corporate headquarters were in New Jersey, and that the core of its executive and administrative functions were carried out in New Jersey. *Id.*

Despite the declaration, the district court found that Hertz was a citizen of California. It reached this conclusion based upon a test adopted by the Ninth Circuit that called for an analysis of the amount of a corporation's business activity in each state in which it operated. *Id.* at 1187.[1] Given that a "plurality of each of the relevant business activities" of Hertz occurred in California, it was deemed to have its principal place of

---

[1] This test is identical to the test cited by plaintiff's Memorandum in Support of Motion to Remand.
4
575156.1    Case 3:11-cv-00274-RET -CN   Document 8   06/13/11   Page 4 of 10

business in California. *Id.* After the Ninth Circuit affirmed, the United States Supreme Court granted certiorari in order to address the proper meaning of the phrase "principal place of business" as used in 28 U.S.C. § 1332(c)(1).

The Supreme Court begin its analysis by recognizing that, since its adoption in 1958, the phrase "principal place of business" has given rise to differing, multi-faceted tests in the various Circuits, all designed to give it meaning and context. *Id.* at 1191. These tests, far from simplifying the administration of justice, however, proved to be difficult to apply and invited not only greater litigation, but also led, to "strange results." *Id.* at 1193. Moreover, the complexity of these tests consumed "time and money, as the parties litigate[d] not the merits of their claims, but which court [was] the right court to decide those claims." *Id.* In addition, those tests diminished the likelihood that results and settlements reflected a claim's actual legal and factual merit while tying up limited judicial resources. *Id.*

The Supreme Court in *Hertz* recognized the "need for judicial administration of a jurisdictional statute to remain as simple as possible." *Hertz*, 130 S. Ct. at 1186. After considering the numerous complicated formulations of the "nerve center" or "total activities" tests for determining corporate citizenship, the *Hertz* Court settled on a simple, straightforward approach that focused on the location from which a corporation's high level officers establish, direct and control its policies and direction. Under this formulation of the "nerve center" test, the Supreme Court expressly rejected both the "total activities" test as well as prior and more complex versions of the "nerve center" test. In their place, lower courts were instructed to focus on the location where high level

5

corporate officers charged with setting policy and exercising overall control and direction of the corporation reside. This approach would be, in the view of the Supreme Court, administratively simple to apply and would promote predictability and uniformity of outcome by pointing the "courts in a single direction, towards the center of overall direction, control, and coordination." *Id.* at 1194. In practice, the Supreme Court stated that the "nerve center" should normally be "where the corporation maintains its headquarters... ." *Id* at 1192.

    C.    ***Under the "nerve center" test adopted by the Supreme Court in Hertz, it is clear that BMA of Maryland's principal place of business is in Waltham, Massachusetts.***

*Hertz* requires this Court to look to where BMA of Maryland's "high level officers direct, control and coordinate" its business activities to determine its principal place of business for purposes of diversity jurisdiction. *Id.* at 1186. The declaration of Jolie C. Spring, attached as Exhibit "A," establishes the following facts:

1. BMA of Maryland is the sole member of BMA of Louisiana, a Delaware limited liability company;

2. BMA of Louisiana's registered principal place of business is Waltham, Massachusetts;

3. BMA of Maryland owns and operates dialysis clinics in Maryland;

4. BMA of Maryland's corporate headquarters is in Waltham, Massachusetts;

5. There are thirteen (13) executive officers for BMA of Maryland, and all but two (2) of them work out of the corporate headquarters in Waltham,

Massachusetts. These executive officers are responsible for significant corporate decision making;

6. No executive officers of BMA of Maryland live or work in Louisiana;

7. The day-to-day activities of BMA of Maryland are carried out by employees and lower level management in Maryland, but all major executive decisions for BMA of Maryland are made by high level officers at the corporate headquarters in Waltham, Massachusetts;

8. The policies and procedures that govern the dialysis centers of BMA of Maryland are formulated and set by high level officers at the corporate headquarters in Waltham, Massachusetts;

9. Major administrative matters of BMA of Maryland, such as tax preparation, insurance, and risk management, are handled in Waltham, Massachusetts;

10. All litigation involving BMA of Maryland is managed by the Legal Department in Waltham, Massachusetts; and

11. Substantially all material corporate records for BMA of Maryland are maintained in Waltham, Massachusetts.

The attached Declaration clearly establishes that BMA of Maryland's "nerve center" is located in Waltham, Massachusetts. That is were its high level officers "direct, control, and coordinate the corporation's activities." Thus, under the applicable "nerve center" test adopted by the Supreme Court in *Hertz*, Waltham, Massachusetts is clearly BMA of Maryland's principal place of business for purposes of diversity jurisdiction.

Plaintiff incorrectly argues that Louisiana is BMA of Louisiana's principal place of business because Louisiana is the only state where BMA of Louisiana physically operates dialysis clinics and because its employees and patients reside in Louisiana.[2] Dkt. No. 4-1, p. 8. In *Hertz*, the Supreme Court expressly rejected the notion that a corporation's visible activities or physical presence is somehow relevant to a determination of its principal place of business for diversity purposes:

> We . . . recognize that the use of a "nerve center" test may in some cases produce results that seem to cut against the basic rationale for 28 U.S.C. § 1332 . . . . For example, if the bulk of a company's business activities visible to the public take place in New Jersey, while its top officers direct those activities just across the river in New York, the "principal place of business" is New York.
> * * *
> We understand that such seeming anomalies will arise. However, in view of the necessity of having a clearer rule, we must accept them. Accepting occasionally counterintuitive results is the price the legal system must pay to avoid overly complex jurisdictional administration while producing the benefits that accompany a more uniform legal system.

As discussed above, the business activities of BMA of Maryland in Maryland and Louisiana are directed, controlled and coordinated by high level executives in the corporate headquarters located in Waltham, Massachusetts. Accordingly, the principal place of BMA of Maryland, the sole member of BMA of Louisiana, is in Waltham, Massachusetts. This citizenship is imputed to BMA of Louisiana. Because plaintiff is a citizen of Louisiana, there is complete diversity in this case and plaintiff's Motion to Remand should be denied.

---

[2] Again, plaintiff's focus is misdirected. The proper focus is on BMA of Maryland, not BMA of Louisiana, since BMA of Louisiana is a limited liability company. *Harvey, supra.* BMA of Maryland also owns and operates dialysis clinics in Maryland. Affidavit of Jolie C. Spring, Exhibit "A."

## III. CONCLUSION

The United States Supreme Court in *Hertz* overruled the cases cited by plaintiff in her Motion to Remand and established a simple, straightforward test for determining the principal place of business of a corporation for purposes of diversity jurisdiction. This new test focuses on the locale from which high level officers "direct, control, and coordinate" a corporations activities, which is usually the corporation's corporate headquarters. In this case, the application of the *Hertz* test establishes that BMA of Maryland's principal place of business is in Waltham, Massachusetts where its corporate headquarters and high level officers are located. For these reasons, as more fully set forth above, BMA of Louisiana respectfully requests that plaintiff's Motion to Remand be denied.

**Respectfully submitted,**

Taylor, Porter, Brooks & Phillips L.L.P.

_____s/ Cynthia M. Amedee_____
Erick Y. Miyagi, Trial Attorney (#22533)
John Stone Campbell, III (#23674)
Cynthia M. Amedee (#31597)
Chase Tower, 8th Floor
451 Florida Street (70801)
P.O. Box 2471
Baton Rouge, LA 70821-2471
Telephone: (225) 387-3221
Fax: (225) 346-8049

## - CERTIFICATE OF SERVICE -

I certify that a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Louis J. Lambert, Jr., Jennifer M. Racca, and Al J. Robert, Jr. by operation of the court's electronic filing system.

Baton Rouge, Louisiana, this 13th day of June, 2011.

                        s/ Cynthia M. Amedee
                          Cynthia M. Amedee